JOHN K. FISKEN v. THE MILWAUKEE BRIDGE & IRON
WORKS (A CORPORATION).

[See 86 Mich. 199.]

*Assignment of money due—Lien—Priorities.*

An application for a rehearing in this case is denied, for reasons stated in the opinion.

Application by plaintiff for rehearing of case reported in 86 Mich. 199. Submitted June 17, 1891. Denied October 9, 1891. The facts are stated in the opinion.

*Barbour & Rexford,* for motion.

McGRATH, J.   Plaintiff moves for a rehearing—

"1. Because the Court, in its opinion, totally ignored the agreement between Esson and defendant, annulling the original agreement between them of November 14, 1887.

"2. Because the Court, in its opinion, totally ignored the settlement made between Esson and defendant.

"3. Because the said agreement, and the settlement thereunder, are of such pre-eminent and controlling force and effect as to render the point upon which the judgment was reversed entirely untenable, in law or equity, and the Court must have entirely overlooked it."

Plaintiff seeks to recover a 15 per cent. drawback upon a contract entered into November 14, 1887, between defendant and Esson, under an assignment from Esson, but at the hearing he relied upon what he calls an "agreement" entered into between Esson and defendant, August 3, 1888. Accompanying this agreement is a statement showing that, under his contract, Esson had performed work amounting to $15,520.67, and had been paid $12,809.57, and had on hand in Detroit stone valued at $11,075.50.

By the terms of the agreement of August 3, 1888, defendant agrees to pay Esson the $15,520.67. Esson agrees to credit defendant with $12,809.91 already paid. Defendant agrees to purchase, and Esson agrees to sell, the stone on hand at Detroit aforesaid, as well as other stone at Amherstburg and Marblehead, already cut and quarried for use in the Belle Isle bridge, at prices named. Esson agrees to deliver and turn over to the defendant the stone aforesaid, free and clear from all claims and liens, before any payment is to be made for said stone, or defendant may pay any claims and liens, and deduct the amount so paid. The delivery of said stone at Amherstburg and Marblehead is to be made not

later than six weeks from date, and the delivery of the stone at Detroit is to be made at once, and as soon as all claims and liens upon it are paid.

Plaintiff seeks to charge defendant, under this second or substituted contract, for the amount of stone on hand at Detroit, irrespective of whether or not the claims or liens upon it had been paid by Esson or by defendant, and without even showing that the stone had been delivered thereunder.

The testimony tended to show that there had been no settlement between Esson and defendant; that the total amount of Esson's work under his first contract, added to the value of the stone then on hand at Detroit, aggregated the sum of $26,596.17; that the stone had not been delivered to the defendant; that, under defendant's contract with the city of Detroit, the defendant was bound to complete the bridge at a given time, and that Esson was clearly bound by this provision; that defendant was compelled to pay about $24,700 to satisfy claims for material and labor in order to avail itself of work which had been done with reference to this bridge contract, so that it might complete the bridge within the life of its contract with the city. The defendant contended, and offered testimony tending to show, that it had paid such claims as its necessities compelled it to pay; or, as a witness puts it, "We have paid such claims as we were compelled to, from the nature of the case."

There is no testimony tending to show that this subsequent arrangement was collusive, for the purpose of cutting off plaintiff; but the testimony tends to show that Esson was involved, and, if unable to complete his contract, defendant had the undoubted right to avail itself of what had been prepared with reference to this contract, and if, in order to avail itself of this work, it was

87 MICH.—38.

compelled to pay its full value, neither plaintiff nor Esson has any claim against defendant, simply because defendant agreed to pay Esson a certain amount for it, especially in view of the provision that it was to be free and clear of all liens and claims, and, if not, defendant, at its option, might pay such liens and claims.

Defendant will not be allowed, by collusion with Esson, to defraud plaintiff, but, on the other hand, in the absence of anything tending to show fraud, plaintiff occupies no better position than does Esson, except so far as any voluntary payment may have been made to Esson after notice of the assignment.

A rehearing must be denied.

The other Justices concurred.